UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONAL OILWELL VARCO, LP<br>Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§<br>§ | NO. 4:16-cv-02261<br>JURY |
| SADEESH SADAGOPAN,<br>MAJED HAMDEN,<br>and KHALED ZANTOUT,<br>Defendants. | §<br>§<br>§<br>§ | |

**DEFENDANTS HAMDAN AND ZANTOUT'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, AND DEFENDANTS' EMERGENCY MOTION TO COMPEL PRODUCTION OF SETTLEMENT AGREEMENT**

Defendants Majed Hamdan and Khaled Zantout ("Defendants") file this Sur-Reply to Plaintiff's Motion for Default Judgment, and Emergency Motion to Compel Production of Settlement Agreement. This pleading is made subject to and without waiving Defendants' previously-asserted objections based on lack of personal jurisdiction.

As a preliminary matter, Defendants take issue with NOV's repeated claims that Defendants defaulted in order to prevent further discovery and avoid depositions. The reasons that led the Defendants to default are set forth in detail in their "Request for Entry of Default," [Docket #115]. Those reasons included the Defendants' belief that they are being persecuted by NOV and that they cannot continue to fight NOV in a foreign country.

The Defendants made a choice to default and they are not trying to undo that choice. They accept the legitimate consequences of the entry of default (the deemed admission of well-pleaded factual allegations) but they do not accept any other innuendo or limitations that NOV would impose on their right to defend themselves and to oppose NOV's overreaching claims for damages.

## I. Choice of Law Issues

### A. No Waiver

Defendants have shown that NOV's tort claims are governed by UAE law. In their reply, NOV contends that Defendants waived the right to argue choice of law. In support of this contention, NOV cites a number of decisions that have no application to this case (most holding that choice of law issues are waived if not brought to the attention of the trial court prior to judgment). For example, NOV relies on *Playboy Enterprises, Inc. v. Sanchez-Campuzano,* 519 Fed. App'x. 219, 225 (5th Cir. 2013) (holding that the defendant waived his choice of law argument when, aside from one footnote, he "applied Texas law in his briefing before the district court."). That case is inapposite.

In this case, with the exception of the present motion, the only briefing that has taken place has related to procedural issues (such remand), jurisdictional issues, discovery, and issues as to which the Court is obligated to apply the law of the forum (such as the determination of whether NOV's claims should be referred to arbitration). There have been no motions for summary judgments and no other motions directed to the merits of this case. In the briefing on Defendant's motion to dismiss for f*orum non conveniens*, both sides made peripheral arguments regarding whether UAE law or Texas law applied, but the Court held that it "need not reach the choice of law dispute at this stage." Memorandum and Opinion, July 11, 2017 [Docket #77].[1]

The rationale of the *Playboy* case does not apply because Defendants gave notice of their intent to rely on UAE law in their "Rule 44.1 Notice of Applicability of Foreign Law" [Docket #

---

[1] NOV also contends that Defendants waived the choice of law issue because the discussion of that issue in their Response was limited to Texas law of damages. However, that section was argued in the alternative, to show that NOV cannot prove damages "even if" the Court rules that Texas law applies. [Response at 17].

113], which was filed prior to default. In addition, Defendants raised the choice of law issue in their January 22, 2018 letter brief to the Court (filed before entry of default) and, extensively, in their Response to Plaintiff's Motion for Default Judgment. Defendants are raising the issue again in this pleading. Thus, Defendants did not fail to raise the choice of law argument prior to judgment and it cannot reasonably be contended that they have waived that argument.

NOV also claims (without citation to any authority) that Defendants waived their right to make choice of law arguments due to the entry of default. That is incorrect. As a result of the entry of default, Defendants are deemed to have admitted the well-pleaded factual allegations in NOV's complaint, but they may still contest issues relating to law or damages. *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975).

**B. A real conflict exists between UAE law and Texas law**

NOV attempts to skirt the choice of law issue by claiming that no conflict exists between the remedies available under UAE law and Texas law. This misses the point. Defendants have shown that UAE law does not recognize NOV's tort claims. Accordingly, if the Court holds that UAE law applies to those claims, NOV will be unable to seek *any* damages under those claims. Instead, NOV will be limited to seeking whatever damages are available under those claims that are governed by Texas law.

NOV bases its claim that remedies are the same under UAE and Texas law on argument contained in an earlier brief submitted by Defendants that suggested that although NOV is not able to seek its tort claims under Texas law, a breach of contract claim under UAE law would provide similar remedies.[2] This is far from conceding that the remedies are the same for NOV's tort

[2] NOV's expert on UAE law systematically disproved the notion that the remedies available under UAE law and Texas law are similar. *See* Exhibit N to Defendants' Response, at pg. 20-23. Instead, in a declaration sponsored by NOV, Mr. Awad explained that NOV would

claims under UAE law and Texas law, which they clearly are not. One obvious difference is that because UAE does not recognize a cause of action for breach of fiduciary duty, NOV cannot recover disgorgement or punitive damages based on that tort.

Nor is the obvious conflict between UAE and Texas law a "false conflict" as claimed by NOV. NOV cites *Torrington Co. v. Stutzman*. 46 S.W.3d 829, 848-849 (Tex. 2000) for the proposition that "the most important contacts in determining which state's law governs compensatory damages will usually be the ones with the most direct interest in the plaintiff's monetary recovery and/or the most direct [interest] in protecting the defendant against financial hardship." However, in this case, NOV is seeking disgorgement rather than compensatory damages. *See Casa Orlando Apartments, Ltd. v. Fed. Nat. Mort. Assn*., 624 F.2d 185, 192 (applying Restatement choice-of-law factors to breach of fiduciary claims and stating that "disgorgement is not meant to compensate for a loss."). Disgorgement is an equitable remedy and the sums disgorged are not treated as "compensatory damages" or "actual damages." *In re Longview Energy Co*., 464 S.W.3d 353, 361 (Tex. 2015). Because NOV complains about allegedly unfair profits and is not seeking compensatory damages, the location with the most interest in the dispute is the location where the conduct allegedly occurred (here, the UAE). Restatement (Second) of Conflict of Laws §145, comment c.

The interest of the UAE in this dispute is underscored by the fact that there have been at least eight legal cases opened by UAE courts (four civil cases and four criminal cases) involving the same or similar allegations and parties as in this case. In each case, NOV either initiated the proceeding or was a defendant and voluntarily submitted to the jurisdiction of the UAE courts. In

not be able to obtain in a contract action under UAE law the same remedies that are available under Texas tort law and that, in the UAE, those remedies would disappear along with the tort claims.

the civil lawsuit that took place in the UAE between GBS and NOV, and in the civil cases currently ongoing in the UAE between NOV and the Defendants, NOV has alleged essentially the same misconduct that it is alleging in this case. In each of those cases, NOV has consented to the application of UAE law with no contention that Texas law should have applied to its claims or defenses.

## II. Defects in Pleadings and Proof of Damages

Defendants will address at the upcoming hearing the latest contentions by NOV regarding their pleadings and alleged damages. For present purposes, Defendants would emphasize that damages for civil conspiracy do not include disgorgement damages. "A finding of civil conspiracy imposes joint and several liability on all conspirators for *actual damages* resulting from acts in furtherance of the conspiracy." *Energy Maint. Servs. Grp. I, LLC v. Sandt*, 401 S.W.2d 204, 220 (Tex. App. --Houston [14th Dist.] 2012, pet. denied)(citations omitted)(emphasis added). As is stated above, disgorgement is an equitable remedy and the sums disgorged are not treated as "compensatory damages" or "actual damages." *Longview Energy*, 464 S.W.3d at 361.

In addition, NOV is not entitled to the imposition of joint and several liability -- under any legal theory -- for disgorgement. Outside of the context of SEC enforcement actions, there is no "collective disgorgement" and damages cannot be imposed against one Defendant for benefits allegedly received by another Defendant.

## III. The Proportionate Responsibility Statute Applies to Each of NOV's Claims

NOV contends that the Texas proportionate responsibility statute, Chapter 33 of the Texas Civil Practice and Remedies Code, does not apply to a claim for civil conspiracy. However, Chapter 33 applies to "any claim in tort" [Section 33.002(a)(1)], and the trier of fact (here the

Court) is required to determine the percentage of responsibility "as to each cause of action asserted" [Section 33.003(a)].

NOV correctly notes that the Texas Supreme Court has not yet addressed this issue. Courts in the Southern District of Texas have reached conflicting results. *See Seven Seas Petroleum, Inc. v. CIBC World Markets Corp*., 2013 WL 3803966 at *22 (S.D. Tex., July 19, 2013)(Atlas, J.)(holding that Chapter 33 applies to claims for aiding and abetting breach of fiduciary duty and conspiracy to breach fiduciary duty); *Pemex Exploracion y Produccion v. BASF Corp*., 2013 WL 5514944 at *74 (S.D. Tex. Oct. 1, 2013)(Lake, J.)(holding that Chapter 33 applies to conspiracy claims); *but see* Newby v. Enron Corp., 623 F.Supp.2d 798, 833 (S.D. Tex. 2009)(Harmon, J.)(holding that Chapter 33 does not apply to conspiracy claims).

One commentator recently performed an in-depth review of the statute and the caselaw and has concluded that Section 33 was intended to and should apply to claims for conspiracy and aiding and abetting. Lyndon Bittle, Conspiracy: Has Joint and Several Liability Been Supplanted by Proportionate Responsibility, 69 Baylor L. Rev. 378 (2017), attached as Exhibit R. As Biddle notes:

> [I]n addition to those who are alleged to have directly committed particular torts (such as breach of fiduciary duty), shouldn't the proportionate responsibility question under §33.003 include those alleged to have aided and abetted a fiduciary-duty breach or conspired to commit other underlying torts? After all, the statute requires the question to include, "as to each cause of action asserted," all persons alleged to have "caus[ed] or contribut[ed] to cause in any way the harm for which recovery ... is sought ... by ... conduct or activity that violates an applicable legal standard."' Conspiracy violates "an applicable legal standard," and contributes to the harm. And doesn't the allocation of liability under § 33.013 supersede joint and several liability for these torts? … The "plain and common meaning of the statute's words" thus leads to the conclusion that alleged conspirators should be included in § 33.003 proportionate responsibility question and their liability governed by § 33.013. The burden of persuasion should be borne by those seeking to avoid this straightforward reading of the statutory language.

*Id*. at 381-382 (footnotes omitted). Biddle's exhaustive analysis of the statute and the caselaw persuasively demonstrates why Section 33's proportionate responsibility scheme applies to conspiracy and aiding and abetting claims.

In its Reply, NOV claims that Defendants cannot invoke proportionate responsibility because they have defaulted. The cases NOV cites does not support its position. There are no well-pleaded facts in NOV's complaint that negate Defendants' right to have the trier of fact determine the percentage of responsibility of the Defendants and FM. Proportionate responsibility questions are *premised* on a finding of liability, i.e, in order for a person's percentage of responsibility to be submitted, that person must have been found to have caused or contributed to the harm for which the plaintiff is suing. Here, Defendants are not attempting to apportion some percentage of responsibility to NOV. Instead, they are asking for their respective percentages of responsibility (and that of FM) to be determined. This is a statutory right that has not been waived.

## IV. Emergency Motion to Compel Production of Settlement Agreement

Upon information and belief, NOV has entered into a settlement of its claims against "FM". NOV's complaint refers to FM more than eighty times and repeatedly states that he was a co-conspirator. If, in fact, NOV has settled with FM, he is a "settling person" under Chapter 33, which defines that term as "a person who has, at any time, paid or promised to pay money or anything of monetary value to a claimant in consideration of potential liability with respect to the personal injury, property damage, death, or other harm for which recovery of damages is sought." Tex. Civ. Prac. & Rem Code §33.011. Thus, FM's percentage of responsibility must be determined along with that of the Defendants. In addition, the amount of the settlement is relevant for purposes of the "one satisfaction rule" and because Chapter 33 allows a further reduction of the judgment by the amount of the settlement. Tex. Civ. Prac. & Rem. Code §33.012 ("the court

shall further reduce the amount of damages to be recovered by the claimant with respect to a cause of action by the sum of the dollar amounts of all settlements.").

Defendants served their First Set of Discovery Requests to NOV on January 10, 2018, prior to the entry of default. *See* Exhibit S. The deadline for response has passed and NOV completely ignored the request, failing to serve either objections or responses. Request for Production No. 27 specifically requested copies of all settlement agreements between NOV and FM. *Id.* at 9.

Defendants' counsel has informally requested NOV's counsel to bring copies of any settlement agreements to the damages hearing scheduled for March 9, 2018. NOV's counsel has stated that NOV objects to the production of the settlement agreement, but has graciously agreed to bring a copy to the hearing in case its production is ordered.

**V. Objections to Declaration of Jason Pack**

Defendants object to and move to strike paragraphs18-19 and 22-25 of the Declaration of Jason Pack, which is attached as Exhibit A to NOV's Motion for Default Judgment. The statements contained therein are conclusory, speculative, and assume facts not in evidence.

**VI. Response to NOV's Motion to Strike Defendants' Declarations and Exhibits**

NOV complains that Defendants have submitted affidavits in support of its Response to NOV's Motion for Default Jdugment, but elsewhere in its reply NOV states: "The facts on which choice-of-law rulings depend must be determined by the Court after considering the affidavits, depositions, and other matters submitted by the parties." Reply at 4 (quoting *Mayo v. Hartford Life Ins. Co.*, 220 F.Supp. 2d 714, 730 n.37 (S.D. Tex. 2002). Later in its reply, referring to proof of damages, NOV states that "[t]his demonstration can be made by affidavit." Reply at 10 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). There should be no legitimate objection to Defendants' submission of affidavits, particularly since they reside out of the country.

Finally, the declarations present testimony that is relevant to several different issues, including (1) choice of law, (2) damages, (3) equitable relief requested by NOV, (4) causation of damages, (5) punitive damages, and (6) proportionate responsibility.

Attached as Exhibit T is a declaration that attaches and authenticates the two exhibits that were intended to be filed as Exhibits L and M to Defendants' Response, but were inadvertently not filed.

**Conclusion**

For the reasons stated above, Defendants Majed Hamdan and Khaled Zantout respectfully request the Court to enter a final default judgment that awards NOV only those damages to which it is factually and legally entitled. Defendants also request all other and further relief, both legal and equitable, to which they may be justly entitled.

Respectfully submitted,

By: ______________________________

Mark S. Hellinger
Texas Bar No. 09394975
Federal ID No. 13485
THE HELLINGER LAW FIRM
12 Greenway Plaza, Suite 1100
Houston, Texas 77046
Tel: (713) 623-1152
Fax: (713) 623-1221
email: mhellinger@hellingerlawfirm.com

Attorney-in-Charge for Defendants Majed Hamdan and Khaled Zantout

# Certificate of Service

I certify that the foregoing document was served on all parties and/or their counsel of record by ECF and/or electronic mail as shown below on March 9, 2018.

Mr. Richard W. Staff ***via E-Mail*** (rstaff@staffweems.com)
Mr. Jeff Weems (jweems@staffweems.com)
Staff Weems LLP
6363 Woodway, Suite 1100
Houston, Texas 77057

Mr. John Zavitsanos ***via E-Mail*** *(jzavitsanos@azalaw.com)*
Mr. Shawn M. Bates (sbates@azalaw.com)
Mr. Taylor Freeman (tfreeman@azalaw.com)
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing, P.C.
1221 McKinney, Suite 2500
Houston, Texas 77010

Mr. Sadeesh Sadagopan
Via E-Mail (sadeesh.sadagopan@gmail.com)

Mark S. Hellinger

**Certificate of Conference**

I certify that I have conferred with counsel for NOV regarding Defendants' emergency motion to compel production of the settlement agreement between NOV and "FM." NOV's counsel has stated that he opposes production of the settlement agreement.

Mark S. Hellinger